IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>THE IT GROUP, et al.,<br><br>               Debtors. | Chapter 11<br><br>Case No. 02-10118 (MFW)<br><br>Jointly Administered |
| OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF THE IT GROUP ET AL., On Behalf of The IT Group, Inc, et al.,<br><br>               Plaintiff.<br><br>v.<br><br>ACRES OF DIAMONDS,<br><br>               Defendant. | Adversary Proc. No. 04-51311 (MFW) |

**OPENING BRIEF IN SUPPORT OF THE MOTION
OF THE TRUSTEE OF THE IT LITIGATION TRUST FOR
WITHDRAWAL OF THE REFERENCE PURSUANT TO 28 U.S.C. § 157(d)**

Dated: May 10, 2006

                                      THE BAYARD FIRM
                                      Jeffrey M. Schlerf (No. 3047)
                                      Edmond D. Johnson (No. 2257)
                                      Eric M. Sutty (No. 4007)
                                      222 Delaware Avenue, Suite 900
                                      Wilmington, Delaware 19801
                                      (302) 655-5000

                                               -and-

                                      John K. Cunningham
                                      Ileana A. Cruz
                                      WHITE & CASE LLP
                                      Wachovia Financial Center
                                      200 South Biscayne Blvd., Suite 4900
                                      Miami, Florida 33131
                                      (305) 371-2700

                                      Counsel to the Trustee

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ................................................................................................. ii

PRELIMINARY STATEMENT .............................................................................................1

STATEMENT OF THE NATURE AND STAGE OF PROCEEDING..............................2

SUMMARY OF ARGUMENT .................................................................................................3

BACKGROUND FACTS..........................................................................................................4

ARGUMENT...............................................................................................................................7

    I.    CAUSE EXISTS TO WITHDRAW THE REFERENCE PURSUANT TO 28 U.S.C. § 157(d)................................................................7

        A.    Withdrawal of the Reference Is Supported Because of Defendant's Demand for a Jury Trial Before the District Court, Notwithstanding this Proceeding Is Core................................................................................................................8

        B.    Withdrawal of the Reference at this Time Is Supported by Judicial Economy .......................................................9

CONCLUSION.........................................................................................................................11

## TABLE OF AUTHORITIES

**Cases** — **Page**

*Beard v. Braunstein,*
  914 F.2d 434 (3d Cir. 1990) .................................................................................. 8

*In re Delaware & Hudson Ry. Co.,*
  122 B.R. 887 (D. Del. 1991) .................................................................................. 8

*Granfinanciera, S.A. v. Nordberg,*
  492 U.S. 33, 109 S. Ct. 2782 (1989) ...................................................................... 8

*Gumport v. Growth Fin. Corp. (In re Transcon Lines),*
  121 B.R. 837 (C.D. Cal. 1990) ............................................................................ 10

*Holland America Ins. Co. v. Succession of Roy,*
  777 F.2d 992 (5th Cir. 1985) ................................................................................. 7

*In re IT Group, Inc.*
  2004 WL 2830641 (D.Del. Nov. 23, 2004) ........................................................... 2

*In re NDEP Corp.,*
  203 B.R. 905 (D. Del. 1996) ......................................................................... *passim*

*In re Pruitt,*
  910 F.2d 1160 (3d Cir. 1990) ................................................................................. 7

*Katchen v. Landy,*
  382 U.S. 323, 86 S. Ct. 467 (1966) ........................................................................ 8

*Langenkamp v. Culp,*
  498 U.S. 42, 111 S. Ct. 330 (1990) ........................................................................ 8

**Statutes**

11 U.S.C. § 547 ............................................................................................................. 4

11 U.S.C. § 548 ............................................................................................................. 2

11 U.S.C. § 1102 ........................................................................................................... 4

28 U.S.C. § 157(b) ........................................................................................................ 8

28 U.S.C. § 157(b)(2)(H) .......................................................................................... 3, 8

28 U.S.C. § 157(d) ..................................................................................................... 1, 7

28 U.S.C. § 157(e) ......................................................................................................... 9

## PRELIMINARY STATEMENT

Plaintiff The IT Litigation Trust (the "Plaintiff" or the "Trust"), successor to The IT Group, Inc. ("IT Group") and its affiliated debtors (collectively, the "Debtors"), by and through its trustee, AlixPartners LLC (the "Trustee"), moves pursuant to section 157(d) of title 28 of the United States Code for withdrawal of the reference of the above-captioned adversary proceeding (the "Adversary Proceeding").

In January 2004, the Trust commenced approximately 1220 avoidance actions in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"). At this juncture, only five of those actions, including this adversary proceeding, are unresolved.[1] It is unfortunate, but Plaintiff views the prospects for this matter to settle as dim. Plaintiff believes this matter should be mediated. However, Defendant Acres of Diamonds (the "Defendant") has refused to submit this matter to a mediator unless Plaintiff pays the entire cost.

This matter is getting closer to trial. Defendant demanded a jury trial, but does not consent to a jury trial before the Bankruptcy Court. Fact and expert discovery is complete. Moreover, there are several pending substantive motions which are pending. Under these circumstances, withdrawal of the reference to the United States District Court for the District of Delaware (the "District Court") is appropriate, and should be granted at this time.

---

[1] The other four are preference actions, and all but one of the matters were recently re-opened after default judgments were vacated.

624851v2
24851v2

## STATEMENT OF THE NATURE AND STAGE OF PROCEEDING

By this Adversary Proceeding, Plaintiff seeks to avoid and recover a fraudulent transfer made to Defendant pursuant to 11 U.S.C. § 548. Again, Defendant demanded a trial by jury and does not consent to a trial before the Bankruptcy Court.

On September 22, 2004, Defendant filed Defendant's Motion for a Determination with Respect to Whether Proceeding is Core or Non-Core and Defendant's Motion to Withdraw the Reference. While the Bankruptcy Court entered an Order Determining that Adversary Proceeding is Core [Adv. Docket No. 29], the District Court denied both motions[2] filed by the Defendant.

All fact and expert discovery in the Adversary Proceeding is now complete. Recently, Defendant filed its Motion of Defendant Acres of Diamonds, L.P. for Summary Judgment (the "Motion for Summary Judgment"). In addition, two other substantive motions are pending: 1) Defendant Acres of Diamonds, L.P.'s Motion In Limine to Exclude the Valuation Expert Report and Related Testimony of Bart A. Brown, Jr. (the "Motion in Limine"); and 2) Motion of The IT Litigation Trust Trustee to Disqualify Kroll, Inc. as Expert Witness for the Defendant (the "Motion to Disqualify", and collectively with the Motion in Limine and the Motion for Summary Judgment, the "Pending Motions").

---

[2] The District Court denied Defendant's Motion for a Determination with Respect to Whether Proceeding is Core or Non-Core as moot since it denied the Defendant's Motion to Withdraw the Reference.

## SUMMARY OF ARGUMENT

While fraudulent conveyance actions are core proceedings under section 157(b)(2)(H) of title 28 of the United States Code, this Defendant has demanded a jury trial. Plaintiff is not aware that Defendant has waived that right by filing a claim in the Chapter 11 cases. Moreover, Defendant does not consent to jury trial before the Bankruptcy Court.

Therefore, if this proceeding goes to trial, it must be before the District Court. And, given the history of this matter, the probability of reaching the trial stage seems to be increasing. Among other reasons, Defendant refuses to submit this matter to mediation unless Plaintiff pays the entire cost. Considerations of judicial economy favor withdrawal of the reference at this juncture. This will allow the District Court, where a jury trial would be conducted, to become educated on the underlying substantive issues in this matter while adjudicating the Pending Motions.


## BACKGROUND FACTS

On January 16, 2002, the Debtors filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") with the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"), thereby commencing their respective chapter 11 cases (the "Cases").

On January 25, 2002, the Office of the United States Trustee for the District of Delaware appointed the Official Committee of Unsecured Creditors in the Cases (the "Committee") pursuant to section 1102 of the Bankruptcy Code.

Approximately three months into the Cases, by Order dated April 25, 2002, the Bankruptcy Court approved the sale (the "Sale") of substantially all of the Debtors' assets to, and assumption of certain liabilities by, an affiliate of The Shaw Group, Inc. ("Shaw"). The Sale closed on May 9, 2002.

By order dated November 6, 2003, the Bankruptcy Court granted leave to the Committee to prosecute the Debtors' avoidance actions arising under chapter 5 of the Bankruptcy Code.

On January 14, 2004, the Committee filed a complaint against the Defendant seeking to avoid a prepetition transfer to the Defendant, thereby commencing this Adversary Proceeding.

By order dated April 5, 2004, the Bankruptcy Court confirmed the First Amended Joint Chapter 11 Plan of The IT Group, Inc. and Its Affiliated Debtors Proposed by the Debtors and the Official Committee of Unsecured Creditors (as amended, the "Plan"). The effective date of the Plan, which was a liquidating Chapter 11 plan, occurred on April 30, 2004 (the "Effective Date"). Under the Plan, *inter alia*, the Trust was

established and the remaining estate assets including, without limitation, the Adversary Proceeding, vested in the Trust for the benefit of holders of certain allowed claims against the Debtors.

On June 10, 2004 and April 20, 2005, Plaintiff amended the complaint.

On September 17, 2004 and April 26, 2005, Defendant filed answers to the respective amended complaints. In each instance, Defendant demanded a jury trial.

On September 22, 2004, Defendant filed Defendant's Motion for a Determination with Respect to Whether Proceeding is Core or Non-Core and Defendant's Motion to Withdraw the Reference.

On November 1, 2004, the Bankruptcy Court entered an Order Determining that Adversary Proceeding is Core.

On January 14, 2005, the District Court entered an order denying Defendant's Defendant's Motion to Withdraw the Reference and Motion for a Determination with Respect to Whether Proceeding is Core or Non-Core (determining the latter was mooted by denial of the former).

On July 11, 2005, Plaintiff served the Expert Disclosure and Report of Plaintiff Pursuant to F.R.C.P. 26(a)(2) and Fed. R. Bankr. P. 7026(a)(2).

On July 29, 2005, Defendant served an expert report (the "Defendant Expert Report")

On August 16, 2005, Plaintiff filed the Motion for Leave to Supplement Expert Report.

On September 2, 2005, Plaintiff served the Supplemental Rule 26(a)(2) Valuation Report.

On October 18, 2005, the Court entered the Order Permitting the IT Litigation Trust Trustee to Supplement Expert Report.

On November 30, 2005, the Defendant served its Expert Rebuttal Report.

On April 26, 2006, Defendant filed the Motion in Limine.

On April 28, 2006, Defendant filed the Motion for Summary Judgment.

On May 10, 2006, Plaintiff filed the Motion to Disqualify.

## ARGUMENT

I.   CAUSE EXISTS TO WITHDRAW THE REFERENCE PURSUANT TO 28 U.S.C. § 157(d)

A motion to withdraw the reference of an adversary proceeding to the bankruptcy court is governed by section 157(d) of title 28 of the United States Code, which provides that:

> a district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown. The district court shall, on timely motion of a party, so withdraw a proceeding if the court determines that resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce.

28 U.S.C. § 157(d) (1994). The statute provides no further guidance than that the withdrawal must be for "cause," which is not defined by the statute. Courts determining motions to withdraw the reference have established a set of factors to be analyzed in determining whether to withdraw the reference in a particular case.

In *In re Pruitt*, 910 F.2d 1160 (3d Cir. 1990), the Third Circuit Court of Appeals adopted the test for withdrawal of the reference enunciated in *Holland America Ins. Co. v. Succession of Roy*, 777 F.2d 992, 999 (5th Cir. 1985), which is the standard most often cited by district courts determining § 157(d) motions. After examining *Holland* and decisions from other circuits, the Delaware District Court established a test for this jurisdiction in *In re NDEP Corp.*, 203 B.R. 905 (D. Del. 1996). The District Court in *NDEP Corp.* held:

> in exercising discretion to grant or deny a motion to withdraw the reference, this Court will consider whether the claim is a core bankruptcy proceeding or whether it is non-core; whether the parties have requested a jury trial, and whether withdrawal would serve judicial economy,

>such as the goals of promoting uniformity in bankruptcy administration, reducing forum shopping and confusion, fostering the economical use of the debtors' and creditors' resources, and expediting the bankruptcy process.

*Id.* at 913. This Adversary Proceeding is admittedly core, but this Defendant has demanded a jury trial and does not consent to a trial before the Bankruptcy Court. For that reason alone, this proceeding eventually must be put before the District Court. The interest of judicial economy dictates that a withdrawal of the reference occur <u>now</u>.

>A. Withdrawal of the Reference Is Supported Because of Defendant's Demand for a Jury Trial Before the District Court, Notwithstanding this Proceeding Is Core

Admittedly, a fraudulent transfer claim, fits squarely within section 157(b)(2)(H) of section 28 of the United States Code. This reality is reflected in the Bankruptcy Court's previous Order Determining that Adversary Proceeding is Core. Nevertheless, in core proceedings the District Court has the power to withdraw the reference. *See In re Delaware & Hudson Ry. Co.*, 122 B.R. 887, 896 (D. Del. 1991) ("A district court is not foreclosed from withdrawing the reference to a bankruptcy court because a matter is found to be a core proceeding. . . .").

Here, the Defendant has requested a jury trial. The United States Supreme Court has held that a defendant in a fraudulent conveyance action has a Seventh Amendment right to a jury trial provided the defendant has not waived that right by filing a claim with the bankruptcy estate. *See Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33, 58-59, 109 S. Ct. 2782, 2799 (1989); *see also Langenkamp v. Culp*, 498 U.S. 42, 45, 111 S. Ct. 330, 331 (1990); *Katchen v. Landy*, 382 U.S. 323, 336, 86 S. Ct. 467, 476 (1966); *cf. Beard v. Braunstein*, 914 F.2d 434, 437 (3d Cir. 1990).

This Defendant does not consent to a jury trial before the Bankruptcy Court. A jury trial cannot be conducted by a bankruptcy court unless (i) designated by the district court to exercise such jurisdiction and (ii) all parties expressly consent. 28 U.S.C. § 157(e). Thus, a jury trial on this fraudulent conveyance must be held in the District Court, notwithstanding the core nature of the proceeding.

Indeed, the District Court in *NDEP* found that the existence of a jury trial demand was a significant factor in determining whether to withdraw the reference. Here, it would appear to be a dispositive factor, the only issue being <u>when</u> to withdraw the reference.

    B.    <u>Withdrawal of the Reference at this Time is Supported by Judicial Economy</u>

According to the District Court in *NDEP*, judicial economy was another important factor in determining withdrawal motions. Judicial economy favors withdrawal of the reference in this litigation – at this precise juncture.

On January 14, 2005, the District Court entered an order denying Defendant's Motion to Withdraw the Reference, without prejudice. Since that ruling, the circumstances surrounding this Adversary Proceeding and the bankruptcy estates have changed significantly.

Only five[3] of the 1220 avoidance actions commenced by the Trustee in January 2004 are unresolved, including this matter. This Adversary Proceeding is the only matter involving a fraudulent conveyance claim. Fact and expert discovery in the Adversary Proceeding are now complete and Defendant's recently filed Motion for Summary Judgment is now pending. Unfortunately, the prospects for settlement before trial appear

---

[3] Again, three of the four matters are recently re-opened matters where default judgments have been vacated.

dim (unless the parties are required to mediate). Furthermore, the parties are seeking to exclude each others' expert, as reflected in Defendant's Motion in Limine and Plaintiff's Motion to Disqualify.[4]

Under these circumstances, Plaintiff believes the District Court, where this matter will ultimately be tried, should decide these critical issues. It would be wasteful for the Bankruptcy Court to get up to speed on the merits of this litigation through consideration of these pending matters, only to have the case move to the District Court. This is consistent will the position of the District Court in *NDEP*, at 913 (quoting *Gumport v. Growth Fin. Corp. (In re Transcon Lines)*, 121 B.R. 837, 838 (C.D. Cal. 1990) ("Due to the fact that a District Court Judge must eventually preside over the jury trial in this matter, it would constitute a tremendous waste of judicial resources to permit the bankruptcy judge to continue to maintain jurisdiction over the issues presented in this litigation.")).

For these reasons, there is cause for withdrawal of the reference at this time.

---

[4] Plaintiff filed a Motion to Extend Response Deadlines with respect to the Motion in Limine, the Motion to Disqualify and the Motion for Summary Judgment while Plaintiff's Motion to Withdraw the Reference is under consideration.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Court grant the relief requested herein and such other and further relief as is just and proper.

Dated: May 10, 2006

THE BAYARD FIRM

By: /s/ Eric M. Sutty
Jeffrey M. Schlerf (No. 3047)
Edmond D. Johnson (No. 2257)
Eric M. Sutty (No. 4007)
222 Delaware Avenue, Suite 900
Wilmington, Delaware 19801
(302) 655-5000

-and-

John K. Cunningham
Ileana A. Cruz
WHITE & CASE LLP
Wachovia Financial Center
200 South Biscayne Blvd.
Miami, Florida 33131
(305) 371-2700

Counsel to the Plaintiff