## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| THE IT GROUP, INC., *et al.*, | ) | Case No. 02-10118 (MFW) |
| | ) | |
| Debtor. | ) | (Jointly Administered) |
| | ) | |
| OFFICIAL COMMITTEE OF | ) | |
| UNSECURED CREDITORS OF THE IT | ) | |
| GROUP, INC., *et al.*, ON BEHALF OF | ) | |
| THE ESTATE OF THE IT GROUP, INC., | ) | |
| *et al.*, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Adv. Pro. No. 04-51311 (MFW) |
| | ) | |
| ACRES OF DIAMONDS, | ) | |
| | ) | **Re: Adv. Docket Nos. 156, 157 and 163** |
| | ) | |
| Defendant, | ) | |
| | ) | |

## REPLY BRIEF OF THE TRUSTEE OF THE
## IT LITIGATION TRUST TO DEFENDANT ACRES OF
## DIAMONDS, L.P.'S RESPONDING BRIEF IN OPPOSITION TO THE
## MOTION FOR WITHDRAWAL OF REFERENCE PURSUANT TO 28 U.S.C. § 157(d)

THE BAYARD FIRM
Jeffrey M. Schlerf (No. 3047)
Edmond D. Johnson (No. 2257)
Eric M. Sutty (No. 4007)
222 Delaware Avenue, Suite 900
Wilmington, Delaware 19801
(302) 655-5000

Dated: May 31, 2006

WHITE & CASE LLP
John K. Cunningham
Ileana A. Cruz
Wachovia Financial Center
200 South Biscayne Blvd., Suite 4900
(305) 371-2700

Counsel to the Trustee

626437v2

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ........................................................................................ ii

PRELIMINARY STATEMENT ................................................................................... 1

REPLY ........................................................................................................................ 2

CONCLUSION ........................................................................................................... 7

# TABLE OF AUTHORITIES

**Cases**                                                                                          **Page**

*Atlantic Coast Demolition & Recycling, Inc. v. Board of Chosen Freeholders of Atlantic County,*
    112 F.3d 652 (3d Cir. 1997)........................................................................................2

*Bridge v. U.S. Parole Com'n,*
    981 F.2d 97 (3d Cir. 1992)........................................................................................2

*Schultz v. Onan Corp.,*
    737 F.2d 339 (3d Cir,. 1984)......................................................................................2

**Statutes**

28 U.S.C. § 157(d) ............................................................................................................1

The IT Litigation Trust Trustee (the "Plaintiff")[1], plaintiff in the above-referenced adversary proceeding (the "Adversary Proceeding"), files this reply brief (the "Reply") in response to Defendant Acres of Diamonds, L.P.'s Responding Brief in Opposition to the Motion of the Trustee of The IT Litigation Trust for Withdrawal of Reference Pursuant to 28 U.S.C. § 157(d) [Adv. Docket No. 161] (the "Response").[2]

## PRELIMINARY STATEMENT

Plaintiff finds it curious that Defendant opposes Plaintiff's Motion for Withdrawal of the Reference. Defendant has continuously taken the position that it is entitled to a trial by jury in this litigation. In fact, twenty months ago, it was Defendant who moved for withdrawal of reference of this same Adversary Proceeding at its very early stages. But now, as this matter is getting closer to trial and with several substantive motions pending, Defendant opposes the withdrawal of reference as proposed by Plaintiff. Defendant expends a significant amount of time in its papers questioning and impugning the motives of Plaintiff's lawyers. As illustrated herein, the Motion for Withdrawal of the Reference was filed in good faith and for good cause. Withdrawal of the Reference is appropriate at this precise juncture to allow the District Court, the Court in which a trial by jury will be conducted, to consider pending motions addressing classic pre-trial issues.

---

[1]    Capitalized terms not otherwise defined shall have the meaning ascribed in the Opening Brief in Support of the Motion of the Trustee of The IT Litigation Trust for Withdrawal of the Reference Pursuant to 28 U.S.C. § 157(d) [Adv. Docket No. 157].

[2]    The Defendant also responded to the Plaintiff's Motion of the Trustee of the IT Litigation Trust for a Determination that the Adversary Proceeding is Core or Non-Core Pursuant to 28 U.S.C.§ 157(b)(3) and Rule 5011-1 of the Local Rules of the United States Bankruptcy Court for the District of Delaware. Since Defendant agreed the matter is core, the Plaintiff is not filing a reply to the response.

## REPLY

By its Motion for Withdrawal of the Reference, Plaintiff seeks to put this matter before the Court where a jury trial would be conducted. Logically, withdrawal of the reference will allow the trial court to become educated on the underlying substantive issues in this matter by considering and adjudicating the Pending Motions. This approach ensures that precious judicial resources required of this litigation, which to date has been quite contentious, will be conserved.

Defendant's arguments are laden with vitriol[3] and not all relevant to the issue at hand, but can be distilled to the following: (i) the "law of the case" doctrine dictates that the reference should not be withdrawn until after the Defendant's "dispositive motion" has been ruled upon; and (ii) Plaintiff's motion is ill-timed and without cause and amounts to "judge shopping."

First, Defendant's reliance on the law of the case doctrine is misplaced. The denial of Defendant's motion to withdraw the reference in January 2005 did not preclude the withdraw of the reference entirely – just at that early stage of the litigation. The change in the facts and circumstances since that time certainly are significant enough to warrant a different result now.

Moreover, even if the law of the case doctrine were to apply, courts nonetheless permit reconsideration of an issue if: (1) the right to move for reconsideration would be effectively denied; (2) new evidence is available; (3) a supervening new rule of law is announced; or (4) the decision was clearly erroneous and would work a manifest injustice. *See Bridge v. U.S. Parole Com'n*, 981 F.2d 97, 103 (3d Cir. 1992) (citing *Schultz v. Onan Corp.*, 737 F.2d 339, 345 (3d Cir. 1984)); *see also Atlantic Coast Demolition & Recycling, Inc. v. Board of Chosen Freeholders of Atlantic County*, 112 F.3d 652, 663 (3d Cir. 1997) (new facts permit an exception).

---

[3]    Unfortunately, this approach has become all to familiar, as the Defendant at two different junctures of this proceeding has threatened Rule 11 sanctions and served Plaintiff's counsel with draft Rule 11 motions.

When Defendant filed its motion to withdraw the reference, there were approximately 1,200 pending avoidance actions commenced by the Plaintiff. Like certain other defendants, this Defendant had requested a jury trial and an immediate withdrawal of reference. Quite often such action is taken for tactical reasons, but in any event all of the actions were at the embryonic stage. There was no immediacy to transferring matters back to the District Court merely because they <u>might</u> go to trial. Now, Plaintiff has only a total of five avoidance actions (including this one) which are unresolved, three of which were re-opened after default judgments were vacated. In this particular matter, all fact and expert discovery is complete. Rule 30(b)(6) and expert depositions have been taken by both sides. In short, the circumstances have changed significantly.

The District Court in its prior ruling did reason that the matter could remain before the Bankruptcy Court through the dispositive motion stage. However, two of the three Pending Motions, the Defendant's Motion in Limine and the Plaintiff's Motion to Disqualify, are the kind of motions commonly dealt with by the trial judge as the time for trial approaches. The trial judge, among other things, would decide whether the issues raised go to the weight rather than the admissibility of the evidence. There is no reason for this proceeding to be treated any differently. The fact is these pending motions are fundamental to how this matter will be tried. If either is granted the other party will be without an expert to opine on the subject of valuation.[4] Further, while the third motion is proclaimed by Defendant a "dispositive motion," in reality the primary support for such motion is the relief sought in the Motion in Limine. The Defendant does raise other grounds for case dispositive relief in its motion. However, fundamentally it is difficult to imagine that either Court will agree with the Defendant that there is an absence of

---

[4]    Plaintiff believes that this litigation boils down to competing valuations of the property in question.

material fact in dispute.  Accordingly, to decide the Defendant's "dispositive motion" a Court will really be addressing experts and evidentiary issues which are most commonly handled by a trial judge.  For all of these reasons, the law of the case doctrine does not preclude the reference from being withdrawn now.

Second, Defendant alleges that Plaintiff's Motion for Withdrawal of the Reference is ill-timed and without just cause and amounts to "judge shopping."  For many of the same reasons expressed above, these arguments are not at all persuasive.  In the case of the latter accusation of forum shopping, nothing could be further from the truth.  Plaintiff's only objective is to have the trial judge decide these Pending Motions.  Since Defendant insists upon a jury trial and does not want a trial before the Bankruptcy Court, putting these matters before the trial court requires a withdrawal of the reference.[5]

Clearly, Defendant's prior motion to withdraw the reference was "ill-timed."  The proceeding had barely gotten underway.  While this Defendant and a handful of others in the avoidance actions demanded a jury trial before the District Court, there was not an immediate need for an adversary involving cure matters to be moved to a different forum.  It was reasonable for the District Court to expect that this proceeding would be settled well before the trial stage – as all of the others have.  Now, twenty months later, the circumstances in this one remaining action are completely different.  The parties are done with all fact and expert discovery. Defendant has filed its Motion in Limine, which by its very nature implicates the admissibility of evidence at trial as well as challenges the qualifications of the Plaintiff's expert.  The Plaintiff's motion to disqualify the Defendant's expert, which happens to relate to a conflict of a

---

[5]      In its previous motion to withdraw the reference (page 3), Defendant stated: "Defendant has not consented to a trial before the Bankruptcy Court.  Accordingly, the Bankruptcy Court has no authority to conduct the trial in this proceeding."

professional of the Debtors in the main bankruptcy case, implicates the same kind of trial issues. In its Motion for Summary Judgment, the Defendant has dressed up these same trial issues in the form of a dispositive motion supplemented by issues implicating facts which go to the heart of this case. The kinds of decisions to be made should naturally be made by the trial judge. Contrary to the Defendant's assertions, the timing for Plaintiff's motion is exactly right.

The added benefit from withdrawing the reference at this particular juncture is the efficient usage of judicial resources. While in theory the Bankruptcy Court could grant the Defendant's "dispositive motion", that would require a) the Bankruptcy Court's decision on the same issue raised in the Motion in Limine; and/or b) a finding that there are no material factual issues with respect to the other matters raised therein. Again, Plaintiff believes that the trial judge should decide whether to exclude critical evidence in this case and whether to qualify experts. Alternatively, if the Bankruptcy Court were to decide the Defendant's dispositive motion and grant the motion by finding there were no material factual issues with respect to the other points, Plaintiff would undoubtedly file an appeal. Thus, the end result would be the merits of matter would be before the District Court – the Defendant's chosen trial court. For these reasons, the interest of judicial economy supports withdrawing the reference.

Defendant's allegation that Plaintiff is engaged in "judge-shopping" is simply not true. First, it is the Defendant who requested a jury trial. Secondly, it was the Defendant who first moved to withdraw the reference of this Adversary Proceeding to the District Court over twenty months ago. Unless the Defendant changes position, it would be renewing its request for withdrawal in the not too distant future (provided its dispositive motion is not granted). Why is it then that the Plaintiff is guilty of "judge-shopping" ?

In actuality, the Plaintiff is indifferent to which Court tries this case. Plaintiff simply wants the Judge who will try the case to consider evidentiary and legal issues which go to the heart of this matter. The Defendant suggests that the Plaintiff either wants to avoid the currently assigned Bankruptcy Judge or favors the District Court. This is ridiculous. First, considering the Plaintiff's professionals are bankruptcy attorneys who are most familiar with the Bankruptcy Court, it is illogical to argue they are scheming to avoid that court. As evidence of a conspiracy, Defendant refers to Plaintiff's prior citation of a hearing in a District Court matter for "an issue Defendant has raised in the instant case." What Defendant fails to mention is that "issue" is Defendant's latest threat to file a motion for Rule 11 sanctions.[6] In response, Plaintiff provided Defendant with a copy of a transcript in a District Court matter for the purpose of illustrating how Courts in this jurisdiction might view such litigation tactics. Frankly, Plaintiff knew of little other Delaware precedent to cite. In any event, the notion that a party would "forum shop" to get a favorable ruling on a potential Rule 11 motion cannot be taken seriously. [7]

The parties have proven to be incapable of resolving this matter – at least without court directed mediation. Under these circumstances, the matter should be before the Court where it will be tried. If that court is the Bankruptcy Court, Plaintiff would take no issue with that. The forum really is up to the Defendant – it has to decide whether it really wants a jury trial. The important point is the Pending Motions by definition need to be decided by the trial court. If the Defendant insists on a trial by jury before the District Court, then judicial economy favors withdrawal of the reference at this precise juncture.

---

[6]    Defendant's counsel alleged that the Plaintiff and its counsel did not perform the requisite amount of due diligence prior to filing the complaint.

[7]    Again, this recent instance was the second time the Defendant had served Plaintiff's counsel with a draft Rule 11 motion.

626437v2                                        6

## CONCLUSION

WHEREFORE, the Plaintiff respectfully requests the entry of an order granting the relief requested in the Motion for Withdrawal of the Reference and such other and further relief as may be just and proper.

Dated  May 31, 2006

THE BAYARD FIRM

By: _____
Jeffrey M. Schlerf (No. 3047)
Edmond D. Johnson (No. 2257)
Eric M. Sutty (No. 4007)
222 Delaware Avenue, Suite 900
Wilmington, Delaware 19801
(302) 655-5000

- and -

John K. Cunningham, Esquire
Ileana Cruz, Esquire
White & Case
Wachovia Financial Center, Suite 4900
200 South Biscayne Boulevard
Miami, FL 33131-2352

COUNSEL TO THE TRUSTEE

626437v2                                    7