# Morris James LLP

Douglas N. Candeub
302.888.6854
dcandeub@morrisjames.com
Admitted in DE and PA

January 19, 2007

**<u>Via Hand Delivery</u>**
Peter T. Dalleo, Clerk of the Court
U.S. District Court for the District of Delaware
J. Caleb Boggs Federal Building
844 N. King Street
Wilmington, DE 19801

Re:    *The IT Group, Inc., et al. v. Acres of Diamonds, L.P.;*
       *U.S. District Court, C.A. No. 06-376 (JJF);*
       *U.S. Bankruptcy Court for the District of Delaware,*
       *Adv. Pro. No. 04-51311 (MFW)*

Dear Dr. Dalleo:

As counsel to Acres of Diamonds, L.P ("the Defendant") in the above listed bankruptcy court adversary proceeding, I am writing to alert you that the Trustee for the IT Litigation Trust's *Motion for Withdrawal of Reference Pursuant to 28 U.S.C. Section 157(d)*, which was filed in this proceeding on May 10, 2006, and which was directed to the United States District Court, is moot, due to the fact that summary judgment has been granted in the adversary proceeding and the action has been closed.

On December 29, 2006, Chief Bankruptcy Judge Mary F. Walrath entered the Memorandum Opinion and the Order, attached hereto as <u>Exhibits A</u> and <u>B</u>, respectively, granting the Defendant's motion for summary judgment.

No notice of appeal was filed, and on January 9, 2007, the bankruptcy adversary case was closed (docket report attached as <u>Exhibit C</u>).

Respectfully submitted,

Douglas N. Candeub

DNC/cxl
Enclosures

cc:    Jeffrey M. Schlerf, Esq. (Co-Counsel to the Plaintiff
       John K. Cunningham, Esq. (Co-Counsel to the Plaintiff)

# <u>EXHIBIT A</u>

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IN RE: | ) | Chapter 11 |
| | ) | |
| THE IT GROUP, INC., et al., | ) | Case No. 02-10118 (MFW) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| _____ | ) | |
| | ) | |
| OFFICIAL COMMITTEE OF | ) | |
| UNSECURED CREDITORS OF THE IT | ) | |
| GROUP, INC., et al., ON | ) | |
| BEHALF OF THE IT GROUP, INC., | ) | |
| et al. | ) | Adversary No. 04-51311 (MFW) |
| | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| ACRES OF DIAMONDS, L.P., | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

## MEMORANDUM OPINION[1]

Before the Court is the Motion of Acres of Diamonds, L.P. ("Acres") for summary judgment. Also pending is the Motion in limine filed by Acres to exclude the plaintiff's expert valuation report and related testimony and the Motion of the IT Litigation Trust (the "Trust") seeking disqualification of Acres' expert witness. For the reasons set forth below, the Court will grant the Motion for summary judgment. As a result, the issues

_____

[1] This Opinion Constitutes the findings of fact and conclusions of law of the Court pursuant to Federal Rule of Bankruptcy Procedure 7052.

1

Filed 12/29/06
D.I. 210

presented in the Motion in limine and Motion to disqualify are
moot.

I.    BACKGROUND

On January 16, 2002, the IT Group, Inc., and its
subsidiaries (collectively, "the Debtors") filed for chapter 11
relief.  On April 6, 2004, the Debtor's chapter 11 plan was
confirmed.  According to the plan, the Debtors' assets were
vested in the Trust, the successor to the Official Committee of
Unsecured Creditors.  The Trust is charged with pursuing all
avoidance actions.

Prior to confirmation (on January 14, 2004), the Debtors
filed a Complaint against Acres seeking to avoid and recover
$575,000 as a preferential transfer pursuant to sections 547(b)
and 550 of the Bankruptcy Code.  The $575,000 transfer, which was
made by wire transfer on January 29, 2001, was the consideration
paid to Acres by Organic Waste Technologies, Inc. ("OWT")[2] for
the purchase of five shares (5 percent) of the common stock of
Keystone Recovery, Inc. ("KRI").  OWT was the parent of KRI and
owned the remaining 95 shares of KRI common stock.  The wire
transfer was made from IT Corporation's account at Citibank.  OWT
was charged for the payment in an inter-company account.

---

[2]  OWT is a subsidiary of EMCON, which was purchased by IT
Group, Inc., in 1999.

On June 10, 2004, the Complaint was amended for the second time[3] to add a fraudulent transfer claim pursuant to section 548 seeking recovery of the $575,000 transfer.  On April 20, 2005, the Complaint was amended to remove the preference claim but leave the fraudulent transfer claim.

On July 11, 2005, the Trust served an expert report prepared by Bart A. Brown, Jr., on the issue of insolvency.  On July 29, 2005, Acres served a responding expert report prepared by Gregory E. Scheig of Kroll, Inc., on the issue of reasonably equivalent value.  On August 16, 2005, the Trust filed a motion seeking permission to file a second expert report prepared by Brown on reasonably equivalent value.  The motion was granted on October 18, 2005.  On November 1, 2005, the Court issued an Order authorizing Acres to serve a rebuttal expert report.

On April 26, 2006, Acres filed its Motion in limine seeking exclusion of the reasonably equivalent value report and all related testimony.  Acres filed its Motion for summary judgment on April 28, 2006.  On May 10, 2006, the Trust filed a Motion to disqualify Acres' expert.

Briefing on all Motions is complete, and they are now ripe for decision.

---

[3] On April 27, 2004, the Complaint was first amended to add Exhibit A, which evidenced the January 29, 2001, wire transfer.

3

II.   <u>JURISDICTION</u>

The Court has subject matter jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 1334 & 157(b)(1), (2)(A) & (H).

III.  <u>DISCUSSION</u>

A.   <u>Motion for Summary Judgment</u>

Acres moves for summary judgment on six grounds:  (1) the $575,000 transfer was a "settlement payment" which is not avoidable pursuant to section 546(e); (2) the Trust cannot establish that the transfer was for less than reasonably equivalent value; (3) Acres gave value to OWT in good faith pursuant to section 548(c); (4) the Trust cannot establish that the Debtor was insolvent at the time of the transfer; (5) the Trust cannot establish that the estate will not be receiving a windfall from any recovery from Acres; and (6) the Amended Complaint should be dismissed because the statute of limitations has run and the amendment does not relate back.

1.   <u>Standard of Review</u>

A summary "judgment sought shall be rendered . . . if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."

4

Fed. R. Civ. P. 56(c).  The moving party has the burden of establishing that no genuine issue of material fact exists. <u>Matsushita Elec. Indus. Co. v. Zenith Radio Corp.</u>, 475 U.S. 574, 585 n.10 (1986).  Facts that may affect the outcome of a suit are "material."  <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 248 (1986); <u>Horowitz v. Fed. Kemper Life Assurance Co.</u>, 57 F.3d. 300, 302 n.1 (3d Cir. 1995).  The court must view all facts and draw all reasonable inferences "in the light most favorable" to the non-moving party.  <u>Pa. Coal Ass'n v. Babbitt</u>, 63 F.3d 231, 236 (3d Cir. 1995).  If the moving party establishes the absence of a material fact, "the nonmoving party must come forward with 'specific facts showing that there is a genuine issue for trial'."  <u>Matsushita</u>, 475 U.S. at 587.  "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial."  <u>Id.</u> (internal quotations and citation omitted).

     2.  <u>Section 546(e) Defense</u>

A movant asserting an affirmative defense in a summary judgment motion has the burden of proof on that defense.  <u>Richard B. Roush, Inc., Profit Sharing Plan v. New England Mut. Life Ins. Co.</u>, 311 F.3d 581, 585 (3d Cir. 2002).  Acres asserts that the exchange of stock for the $575,000 wire transfer was a securities transaction and thus the transaction was a "settlement payment" that the Trustee cannot avoid under section 546(e).  The version

of section 546(e) applicable to this case[4] provides in relevant part:  "Notwithstanding sections 544, 545, 547, 548(a)(1)(B), and 548(b) of this title, the trustee may not avoid a transfer that is a . . . settlement payment, as defined in section 101 or 741 of this title, made by or to a . . . financial institution . . . ."  11 U.S.C. § 546(e) (2004).  Section 741(8) defines a settlement payment as "a preliminary settlement payment, a partial settlement payment, an interim settlement payment, a settlement payment on account, a final settlement payment, or any other similar payment commonly used in the securities trade."  11 U.S.C. § 741(8).

Acres argues that section 546(e) limits the Trust's avoidance powers when a sale of a security occurs and a transfer of funds or stock to complete the sale is made by a financial institution, such as Citibank.  See, e.g., In re Resorts Int'l, Inc., 181 F.3d 505, 515 (3d Cir. 1999) (concluding that the plain language of section 546(e) indicates that "a transfer of cash or securities [by a financial institution] made to complete a securities transaction" is a non-avoidable settlement payment (citations omitted)); Jonas v. Resolution Trust Corp. (In re Comark), 971 F.2d 322, 326 (9th Cir. 1992) ("We now join with

---

[4]  The Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 added "financial participant" to the list of transferor and transferee entities.  See 11 U.S.C. § 546(e) (2005).

the Third and Tenth Circuits and broadly define the term settlement payment.  A settlement payment clearly includes a transfer of securities that completes a securities transaction." (citation omitted)); Kaiser Steel Corp. v. Pearl Brewing Co., 952 F.2d 1230, 1239-40 (10th Cir. 1991) (finding a settlement payment even though the securities clearance and settlement system was not utilized by shareholders during a leveraged buyout); Bevill, Bresler & Schulman Asset Management Corp. v. Spencer Sav. & Loan Ass'n, 878 F.2d 742, 751-52 (3d Cir. 1989) (addressing the meaning of "settlement payment" under section 546(f) and concluding that the definition of the term is "extremely broad" and includes a "deposit of cash by the purchaser or the deposit or transfer of the securities by the dealer, and that it includes transfers which are normally regarded as part of the settlement process").

The Trust asks the Court to consider Congressional intent and conclude that the transfer in this case is not a protected settlement payment because it did not involve the public stock market, a clearing or settlement agency, or other intermediary that obtained only a beneficial interest in the stock during the settlement process.  See, e.g., In re Munford, Inc., 98 F.3d 604, 606-10 (11th Cir. 1996) (concluding that transfers of stock and funds in a leveraged buyout through a bank was not covered by section 546(e) because the bank "was nothing more than an

intermediary or conduit" and never obtained a beneficial interest in the stock or funds); <u>Kipperman v. Circle Trust (In re Grafton Partners, L.P.)</u>, 321 B.R. 527, 529 (B.A.P. 9th Cir. 2005) (concluding that "nonpublic transactions in illegally unregistered securities are not 'commonly used in the securities trade'" and therefore are not protected by section 546(e) (citation omitted)); <u>Zahn v. Yucaipa Capital Fund</u>, 218 B.R. 656, 675-77 (D.R.I. 1998) (holding that the "stock transfers . . . had no connection whatsoever to the clearance and settlement system, and allowing avoidance would have no impact at all on that system"); <u>Jewel Recovery, L.P. v. Gordon</u>, 196 B.R. 348, 351-53 (N.D. Tex. 1996) (finding the "plain language of § 546(e) would appear to apply to [the] transaction," however, the "transaction was a private transaction which did not implicate the clearance and settlement process" and, therefore, concluding that section 546(e) was not applicable); <u>Official Comm. of Unsecured Creditors v. ASEA Brown Boveri, Inc. (In re Grand Eagle Cos.)</u>, 288 B.R. 484, 494 (Bankr. N.D. Ohio 2003) (holding that a plain "simplistic reading of § 546(e) ignores the meaning of the term 'settlement payment' within the securities industry and would essentially convert that statutory provision into a blanket transactional cleansing mechanism for any entity savvy enough to funnel payments for the purchase and sale of privately held stock through a financial institution").

8

The cases cited by the Trust, however, are not from this Circuit and, therefore, not binding on this Court, while the cases that support Acres' argument are. Therefore, even if this Court were persuaded by the analysis in the cases cited by the Trust, it would still be compelled to follow Third Circuit precedent. In re Hechinger Inv. Co. of Del., 274 B.R. 71, 86 (D. Del. 2002) ("No matter what this court's view is of the correctness" of the Third Circuit's position, however, the Court is bound by the Circuit's holding.).

The Trust argues nonetheless that the cases cited by Acres in support of its position are not binding because they are distinguishable from this case. The Trust asserts that, unlike the transaction in this case, those cases involved a "true" financial intermediary that deserved protection to ensure a stable securities market. Resorts, 181 F.3d at 515 (finding a settlement payment where securities and cash were passed through two financial institutions (intermediaries) to effectuate the securities transaction); Comark, 971 F.2d at 324-26 (concluding that transfer of government securities, GNMAs, from a bank was a settlement payment); Kaiser Steel, 952 F.2d at 1236-40 (concluding that transfers of stock and cash in a leveraged buyout through a securities clearing agency and bank disbursing agent were settlement payments); Hechinger, 274 B.R. at 86-88 (finding a settlement payment where Chase Mellon Financial

9

Services was used as a disbursing agent to pay shareholders in a leveraged buyout).

The Court disagrees with the Trust's argument. The analysis performed by the Third Circuit in Resorts makes it abundantly clear that the term settlement payment is to be applied broadly to any transfer of stock or cash to pay for stock. While Resorts involved a transfer of stock and funds through a bank acting as a transfer agent, the Third Circuit rejected the argument that the transfer was not a settlement payment because the transaction did not involve a clearing agency. Resorts, 181 F.3d at 515. The Court held that "[a]lthough no clearing agency was involved in this transfer, two financial institutions - Merrill Lynch and Chase - were. Under a literal reading of section 546, therefore, this was a settlement payment 'made by . . . a financial institution'." Id. (citing § 546(e).) The Third Circuit, therefore, did not consider dispositive whether the sale involved the securities clearance and settlement system. Id. Additionally, the Third Circuit did not consider a worthy distinguishing factor that the stock was sold privately rather than on the public stock market. Id. at 514-17 (implicitly rejecting the holding in Zahn, which held that a transaction involving privately held stock was not a settlement payment).

In this case, Citibank is a financial institution which was used by the Debtor to wire transfer the $575,000 payment to Acres

10

to complete the purchase of its stock.  Although this case does not involve a leveraged buyout, publicly traded stock, or a clearing agency, the Third Circuit's holding in Resorts mandates a conclusion that section 546(e) is broad enough to protect from avoidance a "settlement payment . . . made by . . . [a] financial institution."  Id. at 514-16; 11 U.S.C. § 546(e).

Accordingly, the Court finds that no material fact is in dispute and concludes that the transfer from the Debtor to Acres was a settlement payment and thus is not avoidable under section 548(a)(1)(B).  Therefore, Acres is entitled to summary judgment in its favor.  Because the Court concludes that Acres is entitled to summary judgment on this issue, the Court need not address the other grounds for summary judgment raised by it.  Further, the issues presented by the Motion in limine and Motion to disqualify are mooted by the Court's decision.

IV.  CONCLUSION

For the foregoing reasons, the Court concludes that, in light of binding Third Circuit precedent, the transfer to Acres was a "settlement payment" that the Trustee cannot avoid and recover.

11

An appropriate Order is attached.


Dated: December 29, 2006                BY THE COURT:

                                        _Mary F. Walrath_
                                        Mary F. Walrath
                                        United States Bankruptcy Judge

12

# **EXHIBIT B**

D.I. 156

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IN RE: | ) | Chapter 11 |
| | ) | |
| THE IT GROUP, INC., et al., | ) | Case No. 02-10118 (MFW) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| —————————————————— | ) | |
| | ) | |
| OFFICIAL COMMITTEE OF | ) | |
| UNSECURED CREDITORS OF THE IT | ) | |
| GROUP, INC., et al., ON | ) | |
| BEHALF OF THE IT GROUP, INC., | ) | |
| et al. | ) | Adversary No. 04-51311 (MFW) |
| | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| ACRES OF DIAMONDS, L.P., | ) | |
| | ) | |
| Defendant. | ) | |
| —————————————————— | ) | |

## ORDER

**AND NOW**, this **29th** day of **DECEMBER, 2006**, upon consideration of the Motion of Acres of Diamonds, L.P. for summary judgment, the Motion in limine for exclusion of an expert valuation report and related testimony, and the Motion to disqualify Acres' expert witness, for the reasons set forth in the accompanying Memorandum Opinion, it is hereby

**ORDERED** that the Motion for summary judgment is **GRANTED**; and it is further

Filed 12/29/06
D.I. 211

**ORDERED** that the issues presented in the Motion in limine
and Motion to Disqualify are moot.

                              BY THE COURT:

                              *Mary F. Walrath*
                              Mary F. Walrath
                              United States Bankruptcy Judge

cc: Douglas N. Candeub, Esquire[1]

---

[1] Counsel is to distribute a copy of this Opinion and Order
on all interested parties and file a Certificate of Service with
the Court.

SERVICE LIST

Douglas N. Candeub, Esquire
Morris, James, Hitchens & Williams, LLP
222 Delaware Avenue, 10th floor
Wilmington, Delaware 19801-1621
Counsel to Defendant, Acres of Diamonds, L.P.

Gary Green, Esquire
Larry M. Keller, Esquire
Sidkoff, Pincus & Green, P.C.
2700 Aramark Tower
1101 Market Street
Philadelphia, PA 19107
Counsel to Defendant, Acres of Diamonds, L.P.

Jeffrey M. Schlerf, Esquire
Edmond D. Johnson, Esquire
Eric M. Sutty, Esquire
Katharine V. Jackson, Esquire
The Bayard Firm
222 Delaware Avenue, Suite 900
Wilmington, Delaware 19801-1621
Counsel to Plaintiff, IT Litigation Trust

John K. Cunningham, Esquire
Ileana Cruz, Esquire
White & Case
Wachovia Financial Center, Suite 4900
200 South Biscayne Boulevard
Miami, FL 33131-2352
Counsel to Plaintiff, IT Litigation Trust

# EXHIBIT C

**CLOSED**

# U.S. Bankruptcy Court
## District of Delaware (Delaware)
### Adversary Proceeding #: 04-51311-MFW

*Assigned to:* Mary F. Walrath
*Related BK Case:* 02-10118
*Related BK Title:* The IT Group, Inc.
*Related BK Chapter:* 11
*Demand:* $575000
*Nature[s] of Suit:* 454 Recover Money/Property

*Date Filed:* 01/14/04
*Date Terminated:* 01/09/07

**Plaintiff**
------------------------

**OFFICIAL COMMITTEE OF
UNSECURED CREDITORS OF THE
IT GROUP, ET AL., On Behalf on
The Estate of The IT Group, Inc., et
al.,**

represented by **Edmond D. Johnson**
The Bayard Firm
222 Delaware Avenue
Suite 900
Wilmington, DE 19899
usa
302-655-5000
Fax : 302-658-6395
Email: bankserve@bayardfirm.com

**Eric Michael Sutty**
The Bayard Firm
222 Delaware Avenue
Suite 900
Wilmington, De 19899
usa
302-655-5000
Fax : 302-658-6395
Email: bankserve@bayardfirm.com

**Eric Michael Sutty**
The Bayard Firm
222 Delaware Avenue
Suite 900, P.O. Box 25130
Wilmington, DE 19899
302-655-5000
Fax : 302-658-6395
Email: bankserve@bayardfirm.com
*LEAD ATTORNEY*

**GianClaudio Finizio**
Pepper Hamilton LLP
Hercules Plaza, Suite 5100
1313 Market Street
P.O. Box 1709

Wilmington, DE 19899
302-777-6509
Fax : 302-421-8390
Email: wlbank@pepperlaw.com

**Jeffrey M. Schlerf**
The Bayard Firm
222 Delaware Avenue
Suite 900, P.O. Box 25130
Wilmington, DE 19899
302-655-5000
Fax : 302-658-6395
Email: bankserve@bayardfirm.com

**Kathryn D. Sallie**
The Bayard Firm
222 Delaware Aveunue
Suite 900, PO Box 25130
Wilmington, DE 19899
302-655-5000
Fax : 302-658-6395
Email: bankserve@bayardfirm.com

**Mary E. Augustine**
The Bayard Firm
222 Delaware Avenue
Suite 900
PO Box 25130
Wilmington, DE 19899-5130
302-655-5000
Fax : 302-658-6395
Email: bankserve@bayardfirm.com

**Thomas H. Kovach**
Pepper Hamilton LLP
1313 Market Street
Suite 5100
P.O. Box 1709
Wilmington, DE 19899-1709
302-777-6500
Fax : 302-421-8390
Email: kovacht@pepperlaw.com

V.

**Defendant**
----------------------
**Acres of Diamonds**                           represented by **Christopher Dean Loizides**
4981 South 5th Street                                          Loizides & Associates
Eammaus, PA 18049                                              1225 King Street
                                                               Suite 800
                                                               Wilmington, DE 19801
                                                               usa

Internal CM/ECF Live Database - Docket Report                                          Page 3 of 4

                                        302-654-0248
                                        Fax : 302-654-0728
                                        Email: ecf.admin@loizides.com

                                        **Douglas N. Candeub**
                                        Morris James LLP
                                        500 Delaware Avenue, Suite 1500
                                        P.O. Box 2306
                                        Wilmington, DE 19899-2306
                                        302-888-6854
                                        Fax : 302-571-1750
                                        Email: dcandeub@morrisjames.com

**Acres of Diamonds, L.P.**          represented by **Douglas N. Candeub**
                                        (See above for address)

                                        **Thomas M. Horan**
                                        Morris James LLP
                                        500 Delaware Avenue, Suite 1500
                                        P.O. Box 2306
                                        Wilmington, DE 19899-2306
                                        302-888-6800
                                        Fax : 302-571-1750
                                        Email: thoran@morrisjames.com

| Filing Date | # | Docket Text |
|---|---|---|
| 12/29/2006 | 210 | Opinion GRANTING Motion of Acres of Diamonds, L.P. for Summary Judgment (related document(s)151, 152, 179, 185, 198) (CAF, ) (Entered: 12/29/2006) |
| 12/29/2006 | 211 | Order GRANTING Motion of Acres of Diamonds, L.P. for Summary Judgment (related document(s)151, 179, 185, 198, 152, 210 ) (CAF, ) Order Signed on 12/29/2006. (CAF, ) (Entered: 12/29/2006) |
| 01/02/2007 | 212 | Certificate of Service (related document(s)211, 210 ) Filed by Acres of Diamonds. (Attachments: # 1 Service List) (Candeub, Douglas) (Entered: 01/02/2007) |
| 01/09/2007 |  | Adversary Case 04-51311 Closed by Deputy Clerk. (LMD, ) (Entered: 01/09/2007) |

| PACER Service Center |
|---|
| **Transaction Receipt** |
| 01/18/2007 14:15:18 |

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

IN RE: The IT Group, et al.

_____

| | | |
|---|---|---|
| OFFICIAL COMMITTEE OF | ) | |
| UNSECURED CREDITORS OF THE | ) | |
| IT GROUP, et al., On behalf of The | ) | |
| Estate of The IT Group, Inc., et al. | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 06-376 (JJF) |
| | ) | |
| v. | ) | |
| | ) | |
| ACRES OF DIAMONDS | ) | |
| | ) | Adversary Case No. 04-51311 (MFW) |
| Defendant. | ) | Bankruptcy Case No. 02-10118 (MFW) |

### AFFIDAVIT OF CASSANDRA D. LEWICKI, PARALEGAL

| | | |
|---|---|---|
| STATE OF DELAWARE | : | |
| | : SS | |
| NEW CASTLE COUNTY | : | |

I, Cassandra D. Lewicki, certify that I am, and at all times during the service have been an employee of Morris James LLP, not less than 18 years of age and not a party to the matter concerning which service was made. I certify further that on January 19, 2007, I caused service of the following:

### LETTER TO PETER T. DALLEO, CLERK OF THE COURT
### DATED JANUARY 19, 2007

Service was completed upon the parties listed on the attached service list in the manner as indicated.

Date:   January 19, 2007

_____
Cassandra D. Lewicki

SWORN TO AND SUBSCRIBED before me this 19th day of January 2007.

_____
NOTARY

S. STACI HUDSON
Notary Public - State of Delaware
My Comm. Expires Dec. 11, 2008

- 1 -

1511250

## SERVICE LIST

**VIA FIRST CLASS MAIL**
John K. Cunningham, Esquire
Ileana Cruz, Esquire
White & Case
Wachovia Financial Center, Suite 4900
200 South Biscayne Boulevard
Miami, FL 33131-2352
*(Co-Counsel to the Plaintiff)*

**VIA HAND DELIVERY**
Jeffrey M. Schlerf, Esq.
Edmond D. Johnson, Esq.
Eric M. Sutty, Esq.
The Bayard Firm
222 Delaware Avenue, Suite 900
Wilmington, DE 19801
*(Co-Counsel to the Plaintiff)*

1511250